# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COREY BROOKS, #M10971, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–681−SMY |
| | ) |
| SGT. MARVIN, | ) |
| and MRS. HOPE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Corey Brooks, an inmate at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on March 20, 2017, Plaintiff and his cellmate, Luke Conwell, were in Room Restriction Cell 20 when Sgt. Marvin assaulted Conwell and verbally threatened Plaintiff. (Doc. 1, p. 4). Mrs. Hope watched this occur, but she did not call Conwell for medical assistance or report Marvin. *Id.* Plaintiff's "verbal assault" was based on his being a homosexual. (Doc. 1, p. 5). That same day, Plaintiff was denied medical treatment. *Id.* Plaintiff takes Zoloft and Depalch, which he received multiple times after the situation on March 20, 2017. *Id.* Plaintiff seeks injunctive relief in the form of charges brought against Marvin and Hope being transferred and suspended without pay.[1] *Id.*

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro*

---

[1] The Court notes that Plaintiff has requested only injunctive relief in this action. The proper defendant in a claim for injunctive relief is the government official responsible for ensuring the requested injunctive relief is carried out, which is often the warden of the relevant correctional facility. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

*se* action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Marvin verbally threatened Plaintiff and assaulted Conwell in front of him on March 20, 2017 in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.
>
> **Count 2 –** Hope failed to intervene in Marvin's threatening of Plaintiff and assault of Conwell on March 20, 2017 in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.
>
> **Count 3 –** Plaintiff was denied medical treatment on March 20, 2017 in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Count 1**

"Simple or complex, most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (citing *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986)). *See also Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws").

Plaintiff's Complaint lacks any information that would elevate his claim that Marvin verbally threatened him to a claim involving a constitutional deprivation. He does not allege that the verbal threats caused him physical or psychological harm sufficient to support a claim for cruel and unusual punishment. He also does not specify what Marvin said to him that he found

3

threatening. In fact, Plaintiff's allegations regarding the threats are so vague and lacking in detail that they fail to satisfy the *Twombly* pleading standard. Without more information, Count 1 must be dismissed from this action without prejudice for failure to state a claim upon which relief may be granted.

The Court also notes that, while the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983, *see Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), Plaintiff does not allege that excessive force was used on him, but only on Conwell. Plaintiff cannot pursue an excessive force claim against Marvin based on his alleged attack of Conwell.

## Count 2

The Eighth Amendment does not allow prison officials to stand by while a prisoner is subjected to the unauthorized use of force. Officers have a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This includes a duty to protect inmates from other inmates, as well as a duty to intervene and protect inmates from the unlawful use of force by fellow prison guards.

The same legal standard applies to failure to protect and failure to intervene claims. In both contexts, a plaintiff must show that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendants acted with "deliberate indifference" to that risk. *Farmer*, 511 U.S. at 834; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Deliberate indifference occurs when an "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which an inference could be drawn

that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 913.

As noted above, Plaintiff does not allege that he was subjected to excessive force, only that he was verbally threatened by Marvin. He cannot maintain a claim against Hope for her failure to intervene in the alleged use of excessive force against another inmate, such as inmate Conwell. To the extent Plaintiff seeks to bring a claim against Hope for failing to intervene in Marvin's threats against Plaintiff, there is no legal basis for a failure to intervene if there is not an underlying constitutional violation. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Here, Plaintiff has failed to establish an underlying constitutional violation. Accordingly, Count 2 must be dismissed without prejudice for failure to state a claim.

## Count 3

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). Deliberate indifference involves a two-part test. The plaintiff must show that: (1) his medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

Plaintiff's Complaint contains insufficient allegations to satisfy either component of this claim. First, while Plaintiff claims that he was denied medical treatment and that he takes Zoloft and Depalch, he does not actually specify how he was denied care. The Court cannot conclude that Plaintiff intended to allege that he was indeed deprived of these medications, as he does not claim it in any decipherable way. Even assuming Plaintiff claimed that he was deprived of his

5

medications on March 20, 2017, the allegations do not indicate the extent of or reason for his need for Zoloft and Depalch. Plaintiff does not specify whether he required these medications regularly, what the side effects of him not taking the medications may be, and whether he suffered from any side effects as a result of the alleged denial on March 20, 2017. The allegations also do not state whether Plaintiff complained about his medical needs to any particular defendant, only that he was denied medical treatment. The Complaint is devoid of allegations suggesting that Plaintiff asked any named defendant for medical care. As such, these allegations are insufficient to support an Eighth Amendment deliberate indifference to medical needs claim against any of the defendants. Accordingly, Count 3 shall be dismissed without prejudice against all defendants for failure to state a claim upon which relief may be granted.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1), along with **COUNTS 1**, **2**, and **3** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **MARVIN** and **HOPE** are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a harassment, failure to intervene, or deliberate indifference to medical needs claim, within 28 days of the entry of this order (on or before September 19, 2017). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128

F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-681-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Plaintiff's harassment, failure to intervene, or deliberate indifference to medical needs claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the First Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to an original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous

pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: August 21, 2017**

<u>s/ STACI M. YANDLE</u>
**U.S. District Judge**